**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NISKANEN CENTER, INC.,  )
　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,  )
　　　　　　　　　　　　　　　)
　　　v.  )  Civil Action No. 17-676 (JEB)
　　　　　　　　　　　　　　　)
UNITED STATES DEPARTMENT OF  )
ENERGY,  )
　　　　　　　　　　　　　　　)
　　　　　　Defendant.  )
　　　　　　　　　　　　　　　)

## DECLARATION OF ALEXANDER C. MORRIS

I, Alexander C. Morris, declare as follows:

1.　　My name is Alexander C. Morris.  I am employed by the United States

Department of Energy (DOE) and my current job title is Freedom of Information Act (FOIA)

Officer in the Office of Public Information (OPI) for DOE Headquarters (DOE HQ).

2.　　In my role as FOIA Officer, I serve as the manager for all FOIA requests sent to

DOE HQ.  I have held this position since July 2008.

3.　　In my current capacity, my responsibilities include overseeing the review,

analysis, and processing of FOIA requests submitted to DOE HQ.

4.　　The statements contained in this declaration are based upon my personal

knowledge, upon information provided to me in my official capacity, and upon conclusions and

determinations reached and made in accordance therewith.

5.　　Due to the nature of my official duties, I am familiar with the procedures followed

by DOE in responding to requests for information pursuant to the provisions of the FOIA, 5

U.S.C. § 552. Specifically, I am aware of the search, processing, and production of documents responsive to the FOIA request, HQ-2017-00703, that is the subject of the above-captioned litigation submitted by the Niskanen Center, Inc. (Plaintiff).

6. As FOIA Officer, I oversaw the processing of the request and signed the response letter issued by DOE to Plaintiff. This declaration will explain the steps taken by DOE to respond to Plaintiff's FOIA request. I make this declaration in support of DOE's Motion for Summary Judgment in the above-captioned litigation.

## FOIA REQUEST HQ-2017-00703-F

### *Initial Processing and Search*

7. On March 10, 2017, Plaintiff submitted a FOIA Request to DOE seeking:

> For all years since 1985: (1) Membership lists; (2) the names of each subgroup, working group, or any group not comprised of all NCC members (together, "NCC subgroups"), and the members of each such NCC subgroup; (3) reports or studies issued by the NCC and/or any NCC subgroup; (4) newsletters, announcements, press releases, or any other public communication by the NCC or any NCC subgroup; and (5) agendas, transcripts and minutes of all meetings of the NCC and all NCC subgroups, and all other meetings sponsored by, or held under the aegis of, the NCC.
>
> Because the NCC appears to have been incorporated, [plaintiff] also request[ed] the following information, both from the NCC and from NCC, Inc.: (6) all documents describing NCC, Inc.'s corporate form, including the application for 501(c)(6) status and the IRS determination letter as to that status; (7) all documents relating to the decision to incorporate NCC, Inc.; (8) all financial statements, whether audited or unaudited, of the NCC and NCC, Inc.; (9) all documents describing the relationship between NCC and NCC, Inc.; (10) all documents describing NCC, Inc. income and expenditures, including the sources of all such income and the recipients of all such expenditures; (11) all lists of shareholders, officers and directors of NCC, Inc.; (12) agendas and minutes of all meetings of the officers, directors, or shareholders of NCC, Inc.; and (13) all reports, registrations, disclosures, or any other submissions by the NCC or NCC, Inc. to the Internal Revenue Service or the Commonwealth of Virginia.

2

(**EXHIBIT A**– Plaintiff's March 10, 2017 FOIA Request).

8.     On March 16, 2017, in an email to FOIA analyst Melissa Darr, Plaintiff requested a fee waiver for the request. Plaintiff also amended the date range for the request from "all years since 1985" to "all years since 1986." (**EXHIBIT B** – March 16, 2017 Email from Ryan Hagemann to Melissa Darr).

9.     On April 7, 2017, Melissa Darr sent an interim response letter to Plaintiff, informing Plaintiff that its request had been assigned to the Office of Fossil Energy (FE) to search for responsive records and granting Plaintiff's March 16, 2017 request for a fee waiver. (**EXHIBIT C** – DOE's Interim Response).

10.    It is DOE's practice to contact the office or offices that are most familiar with the subject matter of the request and to conduct a search in locations where documents would most likely be found.

11.    OPI determined, based on the nature of Plaintiff's request, the staff's knowledge of DOE's organization, and FE's comments and confirmation, that responsive documents would be limited to the FE office.

12.    DOE's decision to search FE for responsive documents was based on the following information regarding this office:

Office of Fossil Energy:  The Office of Fossil Energy is responsible for several high-priority initiatives including implementation of the $2 billion, 10-year Clean Coal Power Initiative to develop a new generation of environmentally sound clean coal technologies, the Fossil Energy elements of the American Recovery and Reinvestment Act of 2009, and the nation's Strategic Petroleum Reserve and Northeast Home Heating Oil Reserve,

3

both key emergency response tools available to the President to protect Americans from energy supply disruptions.

13.     In addition, FE is the program office within the Department of Energy that is designated by the National Coal Council charter to provide primary support to its organization.

14.     On April 4, 2017, OPI disseminated a search certification form to FE and provided FE with a copy of Plaintiff's FOIA request and amendment.

15.     On April 10, 2017, FE began its search for records responsive to the request. The FE subject matter expert on the National Coal Council, Daniel Matuszak, and two other FE employees who worked on matters with the National Coal Council, Carol Loman and Cynthia Lacey, searched FE's files for responsive documents.

16.     In gathering responsive documents, the FE staff who were knowledgeable about the subject matter of the request and likely to have responsive records interpreted Plaintiff's request as it was written. Therefore, the staff manually searched their staff records, maintained within a FE shared central depository that is accessible only to FE employees to upload and save documents, and physical files, consisting of CDs and paper files. The staff searched those files for any records containing "National Coal Council" and the names of working groups and subgroups, announcements, press releases, membership lists, charters, studies, agendas, newsletters, meeting minutes, and audio and written transcripts for all years since 1986.

***Processing and Production of Documents***

17.     After collecting the requested information for all years since 1986, representatives from FE submitted the documents to OPI.

18.     As further described below, OPI reviewed and redacted certain portions of the documents based upon applicable FOIA exemptions.

4

19.     While reviewing the search results, OPI staff noted information in certain documents was publically available online.

20.     On June 21, 2017, in an email to Kristin Koernig of DOE's Office of the General Counsel, Mr. David Bookbinder, Plaintiff's counsel, agreed to waive the production of publically available versions of the meeting transcripts.

21.     On July 7, 2017, I sent Plaintiff a final response letter identifying eleven (11) documents and one (1) Windows Media Player file responsive to the request. The response indicated that the partially withheld documents were redacted pursuant to FOIA Exemption 6. See 5 U.S.C. § 552(b)(6). (**EXHIBIT D** – DOE's Final Agency Response Letter).

### *Additional Search*

22.     On July 24, 2017, Mr. David Bookbinder, Plaintiff's counsel, reached out to the Assistant United States Attorney representing DOE to inquire about the status of the production because Plaintiff believed DOE did not respond to all the categories requested in Plaintiff's FOIA response.

23.     On July 25, 2017, OPI staff reached out to FE to discuss the search and ensure that DOE had produced all responsive documents DOE had in its possession.

24.     After further inquiry from OPI, the FE subject matter expert, Mr. Daniel Matuszack, reviewed the request and indicated that not all of the physical copies of the National Coal Council's studies, reports, and records held by the previous Designated Federal Officer, Mr. Robert Wright, had been digitized and added to FE's shared central repository of National Coal Council documents upon Mr. Robert Wright's departure from DOE. Thus these documents were not recovered and provided to OPI for processing.

25. On July 26, 2017, FE conducted an additional search of the physical files previously maintained by departed employee, Mr. Robert Wright. The search included locating files containing "National Coal Council" and the names of working groups and subgroups, announcements, press releases, membership lists, charters, studies, agendas, newsletters, meeting minutes, and audio and written transcripts for all years since 1986.

26. On July 28, 2017, DOE's Office of the Chief Information Officer conducted an automated search of Mr. Robert Wright's email correspondence including the search terms "National Coal Council" and "NCC."

***Supplemental Processing and Production of Documents***

27. After collecting the documents located during the supplemental search, representatives from FE submitted the supplemental documents to OPI.

28. As further described below, OPI reviewed and redacted certain portions of the documents based upon applicable FOIA exemptions.

29. During the review, OPI staff noted that almost half of the additional documents were reports or studies publically available on the National Coal Council website.

30. On August 21, 2017, in an email to the Assistant United States Attorney representing DOE, Mr. David Bookbinder, Plaintiff's counsel, agreed to waive the production of publically available versions of the reports. Plaintiff also consented to the redactions of personal contact information, such as mailing addresses, telephone numbers, and email addresses.

31. On September 13, 2017, I sent Plaintiff a further response letter identifying twenty-one (21) documents and one (1) VOB file responsive to the request. The response noted FE did not locate any documents responsive to parts 6, 7, 9, and 13 of Plaintiff's request. In addition, the response indicated that the partially withheld documents were redacted pursuant to

FOIA Exemptions 4 and 6.  See 5 U.S.C. § 552(b)(4), (b)(6).  (**EXHIBIT E** – DOE's Further
Agency Response Letter)

*FOIA Exemptions Applied*

32.    DOE HQ has provided a complete *Vaughn* index describing the portions of the
documents withheld under FOIA exemptions 4 and 6 and applications of the exemption to the
particular records.  (**Exhibit F** – DOE's *Vaughn* Index).

33.    FOIA Exemption 4 Trade Secrets and Commercial or Financial Information:
Exemption 4 protects from disclosure trade secrets and commercial or financial information
obtained from a person that is privileged or confidential.  DOE withheld one document in full
and withheld portions of four documents under FOIA Exemption 4.  The information withheld
under Exemption 4 relates to the National Coal Council, Inc. and consists of sensitive financial
and privileged information.  The National Coal Council provided these documents to DOE
without the need of a subpoena, court order, or warrant.

34.    Disclosure of this information would cause substantial harm to the National Coal
Council, Inc.'s competitive interests because it would harm the National Coal Council Inc.'s
transactions with third parties for memberships and membership fees, the ability to negotiate
salary and benefits with staff, and the ability to make decisions regarding private litigation.  In
addition, the withheld material does not shed light on Government operations and disclosure may
curtail companies from entering into contracts or other negotiations with the Government in the
future.

35.    The information redacted and withheld pursuant to Exemption 4 has been
reviewed to ensure that all reasonably segregable information  has been released to Plaintiff.

7

36.     Exemption 6 Personal Privacy: Exemption 6 protects from disclosure personnel and medical files, and other similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. In applying Exemption 6, the DOE considered: 1) whether a significant privacy interest would be invaded; 2) whether the release of the information would further the public interest by shedding light on the operations or activities of the Government; and 3) whether in balancing the privacy interests against the public interests, disclosure would constitute a clearly unwarranted invasion of privacy.

37.     DOE withheld portions of eleven under Exemption 6. The information withheld pursuant to this Exemption consists of home addresses, personal email addresses, cell phone numbers, and personal information regarding individuals. Access to this withheld information would violate the privacy interest of the subject of the information and the private harm would outweigh any public gain from disclosure.

38.     The information redacted and withheld pursuant to Exemption 6 has been reviewed to ensure that all reasonably segregable information has been released to Plaintiff.


Pursuant to 28 U.S.C. § 1746, I hereby affirm under penalty of perjury that the foregoing declaration is true and correct.

Dated: FEB C 2 2018

Alexander C. Morris
FOIA Officer
United States Department of Energy

8

# EXHIBIT A

HQ-2017-00703-F



# NISKANEN
C E N T E R

820 FIRST ST. NE, SUITE 675 | WASHINGTON, D.C. 20002

March 10, 2017

By email and Certified Mail (Return Receipt Requested)
Janet Gellici
National Coal Council
1101 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20004
jgellici@NCC1.org

MAR 1 2017

OTHER - 2 HOURS SEARCH FREE, 100 FREE PAGES

Daniel Matuszak
U.S. Department of Energy
1000 Independence Ave, SW
Washington, DC 20585
Daniel.Matuszak@hq.doe.gov

Dear Ms. Gellici and Mr. Matuszak:

The Niskanen Center, a libertarian think tank here in Washington, DC, is engaged in a study of the long-term effectiveness of certain federal advisory committees that deal with emerging technologies. The National Coal Council is one of eight such advisory committees that we have chosen for our study.[1]

We would appreciate it if the National Coal Council would provide us (pursuant to 5 U.SC. § 552 and 5 U.S.C. Appx. § 10) with the information listed below for all years since 1985:

1. Membership lists;
2. The names of each subgroup, working group, or any group not comprised of all NCC members (together, "NCC subgroups"), and the members of each such NCC subgroup;
3. Reports or studies issued by the NCC and/or any NCC subgroup;

---

[1] The other seven advisory committees in our study are: Basic Energy Sciences Advisory Committee (DOE, est. 1986); Visiting Committee on Advanced Technology (NIST, est. 1988); Fusion Energy Sciences Advisory Committee (DOE, est. 1991); Transit Industry Technology Development Advisory Committee (DOT, est. 1991); Preservation Technology and Training Board (DOI, est. 1992); Advanced Scientific Computing Advisory Committee (DOE, est. 1999); and Technology Advisory Committee (CFTC, est. 1999).

4. Newsletters, announcements, press releases, or any other public communication by the NCC or any NCC subgroup; and

5. Agendas, transcripts and minutes of all meetings of the NCC and all NCC subgroups, and all other meeting sponsored by, or held under the aegis of, the NCC.

Because the NCC (perhaps uniquely among federal advisory committees) appears to have been incorporated, we also request the following information, both from the NCC and from NCC, Inc.:

6. All documents describing NCC, Inc.'s corporate form, including the application for 501(c)(6) status and the IRS determination letter as to that status;

7. All documents relating to the decision to incorporate NCC, Inc.;

8. All financial statements, whether audited or unaudited, of the NCC and NCC, Inc.;

9. All documents describing the relationship between NCC and NCC, Inc.;

10. All documents describing NCC, Inc. income and expenditures, including the sources of all such income and the recipients of all such expenditures;

11. All lists of shareholders, officers and directors of NCC, Inc.;

12. Agendas and minutes of all meetings of the officers, directors, or shareholders of NCC, Inc.; and

13. All reports, registrations, disclosure, or any other submissions by the NCC or NCC, Inc. to the Internal Revenue Service or the Commonwealth of Virginia.

If you have any questions about any of these requests, please do not hesitate to contact me at either rhagemann@niskanencenter.org or (202) 899-1170.

We greatly appreciate your assistance with this matter, and look forward to sharing the results of our study with you.

Sincerely,

S/
Ryan Hagemann
Director of Technology Policy

Cc:
FOIA Requester Service Center
1000 Independence Avenue, SW
Washington, DC 20585
(By Certified Mail, Return Receipt Requested)

# EXHIBIT B

| From: | Darr, Melissa (CONTR) |
|---|---|
| To: | "Ryan Hagemann" |
| Cc: | Bowman, Angelia (CONTR) |
| Subject: | RE:FOIA Fee Waiver Request |
| Date: | Thursday, March 16, 2017 4:41:00 PM |

Hi Ryan,

Thank you for speaking with me about your request and getting this information to me so promptly. I will let you know if we have any questions or need any additional information from you for the processing of this request which has been assigned a control number, HQ-2017-00703-F.

Please let me know if you have any questions.

Best Wishes,
Melissa

Melissa Darr, Esq.
FOIA Analyst
Central Research, Inc. Contractor
U.S. Department of Energy
1000 Independence Avenue, SW
Washington, D.C. 20585
(202)287-6745

**From:** Ryan Hagemann [mailto:rhagemann@niskanencenter.org]
**Sent:** Thursday, March 16, 2017 4:04 PM
**To:** Darr, Melissa (CONTR) <Melissa.Darr@hq.doe.gov>
**Subject:** FOIA Fee Waiver Request

Hi Melissa --

Per our conversation, the Niskanen Center is requesting a fee waiver for our FOIA request pertaining to the documents related to the National Coal Council (NCC).

The purpose of the requested information is to attempt to gain a better understanding of the institutional dynamics at work in federal advisory committees (FACAs)--how they arrive at decisions, particular recommendations made to regulatory agencies and Congress, and the means by which they operate. This request is part of a broader research initiative aimed at reexamining how regulators address rules related to new emerging technologies. FACAs play an integral role across federal agencies and examining long-standing committees such as NCC will help better inform our research and ultimate policy recommendations.

Additionally, the original request asked for information for "all years since 1985." However, per our conversation, I would like to amend that to "1986."

We are a 501c(3) nonprofit think tank operating in the public interest and would be disseminating the findings and research to the broader public.

Let me know if this will suffice, otherwise I'm happy to provide additional information.

--
**Ryan Hagemann**
*Director of Technology Policy*
Niskanen Center

820 First St. NE
Suite 675
Washington, D.C. 20002
202.899.1170 (Work)
414.350.2365 (Cell)

@RyanLeeHagemann
www.niskanencenter.org
https://medium.com/niskanen-center
Public Key: http://pgp.mit.edu/pks/lookup?op=get&search=0xBEB97765F0AC70D3
Fingerprint: 6520 B8E1 CDF0 CE95 624B  6726 BEB9 7765 F0AC 70D3

EXHIBIT C



**Department of Energy**
Washington, DC 20585

APR 0 7 2017

Mr. Ryan Hagemann
Niskanen Center
820 First St. NE
Suite 675
Washington, DC 20002

Via email: rhagemann@niskanencenter.org

Re: HQ-2017-00703-F

Dear Mr. Hagemann:

This is an interim response to the request for information that you sent to the Department of
Energy (DOE) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. You requested
the following:

> National Coal Council would provide us (pursuant to 5 U.S.C. § 552 and 5
> U.S.C Appx. § 10) with the information listed below for all years since 1985:
>
> 1. Membership lists;
> 2. The names of each subgroup, working group, or any group not
>    comprised of all NCC members (together, "NCC subgroups"), and the
>    members of each such NCC subgroup;
> 3. Reports or studies issued by the NCC and/or and NCC subgroup;
> 4. Newsletters, announcements, press releases, or any other public
>    communication by the NCC or any NCC subgroup; and
> 5. Agendas, transcripts and minutes of all meetings of the NCC and all
>    NCC subgroups, and all other meetings sponsored by, or held under the
>    aegis of, the NCC.
>
> We also request the following information, both from the NCC and from NCC,
> Inc.:
>
> 6. All documents describing NCC, Inc.'s corporate form, including the
>    application for 501(c)(6) status and the IRS determination letter as to
>    that status;
> 7. All documents relating to the decision to incorporate NCC, Inc.;
> 8. All financial statements, whether audited or unaudited, of the NCC and
>    NCC, Inc.;
> 9. All documents describing the relationship between NCC and NCC, Inc.;
> 10. All documents describing NCC, Inc. income and expenditures,
>     including the sources of all such income and the recipients of all such
>     expenditures;
> 11. All lists of shareholders, officer, and directors of NCC, Inc.;
> 12. Agendas and minutes of all meetings of the officers, directors, or



shareholders of NCC, Inc.; and

13. All reports, registrations, disclosure, or any other submissions by the
NCC or NCC, Inc. to the Internal Revenue Service or the
Commonwealth of Virginia.

On March 16, 2017, in an email to Ms. Melissa Darr of this office, you amended the date range
of your request from "all years since 1985" to "all years since 1986".

I have assigned your request to DOE's Office of Fossil Energy (FE) to conduct a search of their
files for responsive documents. Upon completion of the search and review of any records
located, you will be provided a response.

In your March 16, 2017 email, you requested a waiver of all fees associated with the processing
of the request. For purposes of assessment of any fees, you have been categorized under the
DOE regulation that implements the FOIA at Title 10, Code of Federal Regulations (CFR),
Section 1004.9(b)(4), as a "other" requester. Requesters in this category are provided two free
hours of search time and 100 pages of duplication at no cost.

Pursuant to 10 CFR § 1004.9(8), I have reviewed the information you provided to
support your request for a fee waiver. I have determined the information satisfies the criteria
considered for a waiver of fees. A waiver, therefore, is appropriate for any fees that may be
incurred because the subject of the request relates to a government activity, and information
about the activity could lead to greater understanding by the public about the matter. You also
have demonstrated the ability and intent of your organization to disseminate the information to
the public in a form that can further understanding of the subject matter.

You may contact DOE's FOIA Public Liaison, Alexander Morris, FOIA Officer, Office of Public
Information, at 202-586-5955 or by mail at MA-46/Forrestal Building 1000 Independence
Avenue, S.W. Washington, D.C. 20585 for any further assistance and to discuss any aspect of
your request. Additionally, you may contact the Office of Government Information Services
(OGIS) at the National Archives and Records Administration to inquire about the FOIA
mediation services they offer. The contact information for OGIS is as follows: Office of
Government Information Services, National Archives and Records Administration, 8601 Adelphi
Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-
741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please refer to the above referenced number in any communications about the request. If you
have any questions about the processing of your request, you may contact Ms. Melissa Darr in
this office at MA-46/Forrestal Building, 1000 Independence Avenue, SW, Washington, DC
20585, or at (202) 287-6745.

I appreciate the opportunity to assist you with this matter.

Sincerely,

Alexander C. Morris
FOIA Officer
Office of Public Information

# EXHIBIT D



**Department of Energy**
Washington, DC 20585

JUL 07 2017

Mr. Ryan Hagemann
Niskanen Center
820 First St. NE
Suite 675
Washington, DC 20002

Via email: rhagemann@niskanencenter.org

Re: HQ-2017-00703-F

Dear Mr. Hagemann:

This is in final response to the request for information that you sent to the Department of Energy
(DOE) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. You requested:

National Coal Council would provide us (pursuant to 5 U.S.C. § 552 and 5
U.S.C Appx. § 10) with the information listed below for all years since 1985:

1. Membership lists;
2. The names of each subgroup, working group, or any group not
   comprised of all NCC members (together, "NCC subgroups"), and the
   members of each such NCC subgroup;
3. Reports or studies issued by the NCC and/or and NCC subgroup;
4. Newsletters, announcements, press releases, or any other public
   communication by the NCC or any NCC subgroup; and
5. Agendas, transcripts and minutes of all meetings of the NCC and all
   NCC subgroups, and all other meetings sponsored by, or held under the
   aegis of, the NCC.

We also request the following information, both from the NCC and from NCC,
Inc.:

6. All documents describing NCC, Inc.'s corporate form, including the
   application for 501(c)(6) status and the IRS determination letter as to
   that status;
7. All documents relating to the decision to incorporate NCC, Inc.;
8. All financial statements, whether audited or unaudited, of the NCC and
   NCC, Inc.;
9. All documents describing the relationship between NCC and NCC, Inc.;
10. All documents describing NCC, Inc. income and expenditures,
    including the sources of all such income and the recipients of all such
    expenditures;
11. All lists of shareholders, officer, and directors of NCC, Inc.;



12. Agendas and minutes of all meetings of the officers, directors, or shareholders of NCC, Inc.; and
13. All reports, registrations, disclosure, or any other submissions by the NCC or NCC, Inc. to the Internal Revenue Service or the Commonwealth of Virginia.

On March 16, 2017, in an email to Ms. Melissa Darr of this office, you amended the date range of your request from "all years since 1985" to "all years since 1986".

On June 21, 2017, in an email to Ms. Kristin Koernig of DOE's Office of the General Counsel, Mr. David Bookbinder of the Niskanen Center agreed to waive the publically available versions of the meeting transcripts.

In our April 7, 2017 correspondence, you were informed that your request was assigned to the Office of Fossil Energy (FE) to conduct a search of its files for responsive records. FE started its search on April 10, 2017, which is the cutoff date for responsive records. FE has completed its search and identified eleven (11) documents and one (1) Windows Media Player file responsive to your request. The information is being released to you as described in the accompanying index.

Upon review, DOE has determined that certain information contained within the records should be withheld pursuant to Exemption 6 of the FOIA, 5 U.S.C. § 552 (b)(6).

Exemption 6 is generally referred to as the "personal privacy" exemption; it provides that the disclosure requirements of FOIA do not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." In applying Exemption 6, the DOE considered: 1) whether a significant privacy interest would be invaded; 2) whether the release of the information would further the public interest by shedding light on the operations or activities of the Government; and 3) whether in balancing the privacy interests against the public interest, disclosure would constitute a clearly unwarranted invasion of privacy.

The information withheld under Exemption 6 consists of home addresses, personal email addresses, and cell phone numbers. This information qualifies as "similar files" because it is information in which an individual has a privacy interest. Moreover, releasing the information could subject the individuals to unwarranted or unsolicited communications. Since no public interest would be served by disclosing this information, and since there is a viable privacy interest that would be threatened by such disclosure, Exemption 6 authorizes withholding the information. Therefore, we have determined that the public interest in releasing this information does not outweigh the overriding privacy interests in keeping this information confidential.

This satisfies the standard set forth in the Attorney General's March 19, 2009, memorandum that the agency is justified in not releasing material that the agency reasonably foresees would harm an interest protected by one of the statutory exemptions. This also satisfies DOE's regulations at 10 C.F.R. § 1004.1 to make records available which it is authorized to withhold under 5 U.S.C. §

2

552 when it determines that such disclosure is in the public interest. Accordingly, we will not disclose this information.

Pursuant to 10 C.F.R. § 1004.7(b)(2), I am the individual responsible for the determination to withhold the information described above. The FOIA requires that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt," 5 U.S.C. § 552 (b). As a result, a redacted version of the document is being released to you in accordance with 10 C.F.R. § 1004.7(b)(3).

This decision, as well as the adequacy of the search, may be appealed within 90 calendar days from your receipt of this letter pursuant to 10 C.F.R. § 1004.8. Appeals should be addressed to Director, Office of Hearings and Appeals, HG-1, L'Enfant Plaza, U.S. Department of Energy, 1000 Independence Avenue, S.W., Washington, D.C. 20585-1615. The written appeal, including the envelope, must clearly indicate that a FOIA appeal is being made. You may also submit your appeal by e-mail to OHA.filings@hq.doe.gov, including the phrase "Freedom of Information Appeal" in the subject line. The appeal must contain all the elements required by 10 C.F.R. § 1004.8, including a copy of the determination letter. Thereafter, judicial review will be available to you in the Federal District Court either (1) in the district where you reside, (2) where you have your principal place of business, (3) where DOE's records are situated, or (4) in the District of Columbia.

You may contact DOE's FOIA Public Liaison, Alexander Morris, FOIA Officer, Office of Public Information, at 202-586-5955, or by mail at MA-46/Forrestal Building 1000 Independence Avenue, S.W. Washington, D.C. 20585 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

The FOIA provides for the assessment of fees for the processing of requests. *See* 5 U.S.C. § 552(a)(4)(A)(i); *see also* 10 C.F.R. § 1004.9(a). In our April 7, 2017, letter, you were advised that your request was placed in the "other" category for fee purposes. Requesters in this category are entitled to two (2) free hours of search time and 100 free pages. In that same letter, you were informed that your request for a fee waiver was granted. Thus, no fees will be charged for processing your request.

If you have any questions about the processing of the request or this letter, you may contact Ms. Melissa Darr or me at:

MA-46/Forrestal Building
1000 Independence Avenue, S.W.
Washington, D.C. 20585
(202) 287-6745

I appreciate the opportunity to assist you with this matter.

Sincerely,

Alexander C. Morris
FOIA Officer
Office of Public Information

Enclosures

4

## INDEX

### Request #:  HQ-2017-00703-F

Final response for request from Mr. Hagemann for:

National Coal Council would provide us (pursuant to 5 U.S.C. § 552 and 5 U.S.C Appx. § 10) with the information listed below for all years since 1985:

1. Membership lists;
2. The names of each subgroup, working group, or any group not comprised of all NCC members (together, "NCC subgroups"), and the members of each such NCC subgroup;
3. Reports or studies issued by the NCC and/or and NCC subgroup;
4. Newsletters, announcements, press releases, or any other public communication by the NCC or any NCC subgroup; and
5. Agendas, transcripts and minutes of all meetings of the NCC and all NCC subgroups, and all other meetings sponsored by, or held under the aegis of, the NCC.

We also request the following information, both from the NCC and from NCC, Inc.:

6. All documents describing NCC, Inc.'s corporate form, including the application for 501(c)(6) status and the IRS determination letter as to that status;
7. All documents relating to the decision to incorporate NCC, Inc.;
8. All financial statements, whether audited or unaudited, of the NCC and NCC, Inc.;
9. All documents describing the relationship between NCC and NCC, Inc.;
10. All documents describing NCC, Inc. income and expenditures, including the sources of all such income and the recipients of all such expenditures;
11. All lists of shareholders, officer, and directors of NCC, Inc.;
12. Agendas and minutes of all meetings of the officers, directors, or shareholders of NCC, Inc.; and
13. All reports, registrations, disclosure, or any other submissions by the NCC or NCC, Inc. to the Internal Revenue Service or the Commonwealth of Virginia.

On March 16, 2017, in an email to Ms. Melissa Darr of this office, you amended the date range of your request from "all years since 1985" to "all years since 1986".

5

**On June 21, 2017, in an email to Ms. Kristin Koernig of DOE's Office of the General Counsel, Mr. David Bookbinder of the Niskanen Center agreed to waive the publically available versions of the meeting transcripts.**

The Office of Fossil Energy (FE) has completed its search and identified eleven (11) documents and one (1) Windows Media Player file responsive to your request.

- Ten (10) documents *are being released in their entirety.*

- One (1) document *is being released, in part, pursuant to Exemption (b)(6).* Information withheld under Exemption 6 consists of home addresses, personal email addresses, and cell phone numbers.

- One (1) Windows Media Player file *is being released in its entirety.*

6

# EXHIBIT E



**Department of Energy**
Washington, DC 20585

**SEP 1 3 2017**

Mr. Ryan Hagemann
Niskanen Center
820 First St. NE
Suite 675
Washington, DC 20002

Via email: rhagemann@niskanencenter.org

Re: HQ-2017-00703-F

Dear Mr. Hagemann:

This is in further response to the request for information that you sent to the Department of
Energy (DOE) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  You requested:

> National Coal Council would provide us (pursuant to 5 U.S.C. § 552 and 5
> U.S.C Appx. § 10) with the information listed below for all years since 1985:
>
> 1. Membership lists;
> 2. The names of each subgroup, working group, or any group not
>    comprised of all NCC members (together, "NCC subgroups"), and the
>    members of each such NCC subgroup;
> 3. Reports or studies issued by the NCC and/or and NCC subgroup;
> 4. Newsletters, announcements, press releases, or any other public
>    communication by the NCC or any NCC subgroup; and
> 5. Agendas, transcripts and minutes of all meetings of the NCC and all
>    NCC subgroups, and all other meetings sponsored by, or held under the
>    aegis of, the NCC.
>
> We also request the following information, both from the NCC and from NCC,
> Inc.:
>
> 6. All documents describing NCC, Inc.'s corporate form, including the
>    application for 501(c)(6) status and the IRS determination letter as to
>    that status;
> 7. All documents relating to the decision to incorporate NCC, Inc.;
> 8. All financial statements, whether audited or unaudited, of the NCC and
>    NCC, Inc.;
> 9. All documents describing the relationship between NCC and NCC, Inc.;
> 10. All documents describing NCC, Inc. income and expenditures,
>     including the sources of all such income and the recipients of all such
>     expenditures;
> 11. All lists of shareholders, officer, and directors of NCC, Inc.;



    12. Agendas and minutes of all meetings of the officers, directors, or
        shareholders of NCC, Inc.; and
    13. All reports, registrations, disclosure, or any other submissions by the
        NCC or NCC, Inc. to the Internal Revenue Service or the
        Commonwealth of Virginia.

On March 16, 2017, in an email to Ms. Melissa Darr of this office, you amended the date range of your request from "all years since 1985" to "all years since 1986".

On June 21, 2017, in an email to Ms. Kristin Koernig of DOE's Office of the General Counsel, Mr. David Bookbinder of the Niskanen Center agreed to waive the publically available versions of the meeting transcripts.

On August 21, 2017, in an email to Ms. Melanie Hendry of the Department of Justice, Mr. Bookbinder agreed to waive publically available studies and reports and National Coal Council member's contact information contained in membership lists.

In our April 7, 2017 correspondence, you were informed that your request was assigned to the Office of Fossil Energy (FE) to conduct a search of its files for responsive records. FE started its search on April 10, 2017, which is the cutoff date for responsive records. A response was provided to you on July 7, 2017, containing eleven (11) documents and one (1) Windows Media Player file responsive to your request.

FE conducted a further search of its files and has located twenty-one (21) documents and one (1) VOB video file. The information is being released to you as described in the accompanying index.

Please note, FE did not locate any documents responsive to parts 6, 7, 9, and 13 of your request.

Upon review, DOE has determined that certain information contained within the records should be withheld pursuant to Exemptions 4 and 6 of the FOIA, 5 U.S.C. § 552 (b)(4) and (b)(6). Information is also being withheld as non-responsive to your request pursuant to Mr. Bookbinder's August 21, 2017 agreement to waive the member contact information.

Exemption 4 of the FOIA protects "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." 5 U.S.C. § 552(b)(4). This exemption is intended to protect the interests of both the Government and submitters of information. This exemption affords protection to submitters who provide commercial or financial information to the Government by safeguarding them from the competitive disadvantages that could result from disclosure. The exemption covers two broad categories of information in Federal agency records: 1) trade secrets, and 2) information that is (a) commercial or financial, and (b) obtained from a person, and (c) privileged or confidential.

The information withheld under Exemption 4 consists of sensitive financial and privileged information whose disclosure would likely cause substantial harm to the competitive position of the NCC, Inc. to attract and maintain members, to negotiate salary and benefits with its staff, and

to make decisions regarding private litigation. The redacted information, which this company submitted to DOE, was intended to remain in confidence. The disclosure of this information would be likely to cause substantial competitive harm to this company in transactions with third parties for memberships and membership fees. Additionally, disclosure would interfere with NCC, Inc.'s ability to negotiate salaries and benefits with future employees and disclose privileged litigation strategy Because much of this information does not shed light on Government operations, and disclosure may curtail companies from entering into contracts or other negotiations with the Government in the future, this information will not be released.

Exemption 6 is generally referred to as the "personal privacy" exemption; it provides that the disclosure requirements of FOIA do not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." In applying Exemption 6, the DOE considered: 1) whether a significant privacy interest would be invaded; 2) whether the release of the information would further the public interest by shedding light on the operations or activities of the Government; and 3) whether in balancing the privacy interests against the public interest, disclosure would constitute a clearly unwarranted invasion of privacy.

The information withheld under Exemption 6 consists of cell phone numbers, personal email addresses, and personal information related to private individuals. This information qualifies as "similar files" because it is information in which an individual has a privacy interest. Moreover, releasing the information could subject the individuals to unwarranted or unsolicited communications. Since no public interest would be served by disclosing this information, and since there is a viable privacy interest that would be threatened by such disclosure, Exemption 6 authorizes withholding the information. Therefore, we have determined that the public interest in releasing this information does not outweigh the overriding privacy interests in keeping this information confidential.

This satisfies the standard set forth in the Attorney General's March 19, 2009, memorandum that the agency is justified in not releasing material that the agency reasonably foresees would harm an interest protected by one of the statutory exemptions. This also satisfies DOE's regulations at 10 C.F.R. § 1004.1 to make records available which it is authorized to withhold under 5 U.S.C. § 552 when it determines that such disclosure is in the public interest. Accordingly, we will not disclose this information.

Pursuant to 10 C.F.R. § 1004.7(b)(2), I am the individual responsible for the determination to withhold the information described above. The FOIA requires that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt," 5 U.S.C. § 552 (b). As a result, a redacted version of the document is being released to you in accordance with 10 C.F.R. § 1004.7(b)(3).

This decision, as well as the adequacy of the search, may be appealed within 90 calendar days from your receipt of this letter pursuant to 10 C.F.R. § 1004.8. Appeals should be addressed to Director, Office of Hearings and Appeals, HG-1, L'Enfant Plaza, U.S. Department of Energy, 1000 Independence Avenue, S.W., Washington, D.C. 20585-1615. The written appeal, including the envelope, must clearly indicate that a FOIA appeal is being made. You may also submit your

3

appeal by e-mail to OHA.filings@hq.doe.gov, including the phrase "Freedom of Information Appeal" in the subject line. The appeal must contain all the elements required by 10 C.F.R. § 1004.8, including a copy of the determination letter. Thereafter, judicial review will be available to you in the Federal District Court either (1) in the district where you reside, (2) where you have your principal place of business, (3) where DOE's records are situated, or (4) in the District of Columbia.

You may contact DOE's FOIA Public Liaison, Alexander Morris, FOIA Officer, Office of Public Information, at 202-586-5955, or by mail at MA-46/Forrestal Building 1000 Independence Avenue, S.W. Washington, D.C. 20585 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

The FOIA provides for the assessment of fees for the processing of requests. *See* 5 U.S.C. § 552(a)(4)(A)(i); *see also* 10 C.F.R. § 1004.9(a). In our April 7, 2017, letter, you were advised that your request was placed in the "other" category for fee purposes. Requesters in this category are entitled to two (2) free hours of search time and 100 free pages. In that same letter, you were informed that your request for a fee waiver was granted. Thus, no fees will be charged for processing your request.

If you have any questions about the processing of the request or this letter, you may contact Ms. Melissa Darr or me at:

> MA-46/Forrestal Building
> 1000 Independence Avenue, S.W.
> Washington, D.C. 20585
> (202) 287-6745

I appreciate the opportunity to assist you with this matter.

Sincerely,

Alexander C. Morris

Digitally signed by Alexander C. Morris
DN: c=us, o=u.s. government, ou=department of energy, ou=Energy IT Services, ou=DOE Common Operating Environment, ou=People, cn=Alexander C. Morris
Date: 2017.09.13 16:40:28 -04'00'

Alexander C. Morris
FOIA Officer
Office of Public Information

Enclosures

4

## INDEX

### Request #:  HQ-2017-00703-F

**Final response for request from Mr. Hagemann for:**

**National Coal Council would provide us (pursuant to 5 U.S.C. § 552 and 5 U.S.C Appx. § 10) with the information listed below for all years since 1985:**

1. **Membership lists;**
2. **The names of each subgroup, working group, or any group not comprised of all NCC members (together, "NCC subgroups"), and the members of each such NCC subgroup;**
3. **Reports or studies issued by the NCC and/or and NCC subgroup;**
4. **Newsletters, announcements, press releases, or any other public communication by the NCC or any NCC subgroup; and**
5. **Agendas, transcripts and minutes of all meetings of the NCC and all NCC subgroups, and all other meetings sponsored by, or held under the aegis of, the NCC.**

**We also request the following information, both from the NCC and from NCC, Inc.:**

6. **All documents describing NCC, Inc.'s corporate form, including the application for 501(c)(6) status and the IRS determination letter as to that status;**
7. **All documents relating to the decision to incorporate NCC, Inc.;**
8. **All financial statements, whether audited or unaudited, of the NCC and NCC, Inc.;**
9. **All documents describing the relationship between NCC and NCC, Inc.;**
10. **All documents describing NCC, Inc. income and expenditures, including the sources of all such income and the recipients of all such expenditures;**
11. **All lists of shareholders, officer, and directors of NCC, Inc.;**
12. **Agendas and minutes of all meetings of the officers, directors, or shareholders of NCC, Inc.; and**
13. **All reports, registrations, disclosure, or any other submissions by the NCC or NCC, Inc. to the Internal Revenue Service or the Commonwealth of Virginia.**

**On March 16, 2017, in an email to Ms. Melissa Darr of this office, you amended the date range of your request from "all years since 1985" to "all years since 1986".**

5

On June 21, 2017, in an email to Ms. Kristin Koernig of DOE's Office of the General Counsel, Mr. David Bookbinder of the Niskanen Center agreed to waive the publically available versions of the meeting transcripts.

On August 21, 2017, in an email to Ms. Melanie Hendry of the Department of Justice, Mr. Bookbinder agreed to waive publicly available studies and reports and National Coal Council member's contact information contained in membership lists.

The Office of Fossil Energy (FE) has conducted a further search and identified twenty-one (21) documents and one (1) VOB video file responsive to your request. Please note, FE did not locate any documents responsive to parts 6, 7, 9, and 13 of your request.

- Five (5) documents *are being released in their entirety.*

- Four (4) documents *are being released, in part, pursuant to Exemption (b)(4).* Information withheld under Exemption 4 consists of sensitive commercial information whose disclosure would likely cause substantial harm to the competitive position of the National Coal Council, Inc.

- One (1) document *is being withheld in full, pursuant to Exemption (b)(4).* Information withheld under Exemption 4 consists of sensitive commercial information whose disclosure would disclose National Coal Council, Inc.'s strategy in potential litigation.

- Ten (10) documents *are being released, in part, pursuant to Exemption (b)(6).* Information withheld under Exemption 6 consists of personal email addresses, cell phone numbers, and personal information about an individual. Information is also withheld as non-responsive, pursuant to your agreement to waive the member contact information.

- One (1) VOB video file *is being released in its entirety.*

6

# EXHIBIT F

| Niskanen Center, Inc. v. U.S. Department of Energy, Civil Action No. 17-0676 |
| --- |
| Vaughn Index – FOIA HQ-2017-0073-F |
| Key: **DOE** (U.S. Department of Energy); **National Coal Council** (NCC); **National Coal Council, Inc.** (NCC Inc.); **CBI** (Confidential Business Information) |

| Doc Nos. | Date | Author | Recipient(s) | Description | No. of pages | FOIA Exemption(s) | Justification |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 7/7/17 Production – Doc 14 | 10/5/2016 | NCC | | Fall Meeting transcript of proceedings | 241 | (b)(6) | The home addresses, home phone numbers, cell phone numbers, and personal e-mail addresses of individuals were redacted pursuant to (b)(6) because the release of this information would constitute an unwarranted invasion of the individuals' personal privacy. |
| 9/13/17 Production – Doc 1 | 11/13/2017 | NCC Inc. | | Executive/Finance Committee Joint Meeting Agenda | 1 | (b)(4) CBI | The Executive/Finance Committee Joint Meeting Agenda contains an agenda item referring to private litigation and a note regarding changes to dues that was compiled by NCC Inc. and is not available in the public domain. Release of the redacted information would cause substantial harm to the competitive ability of NCC Inc. to attract and maintain members and to make decisions regarding private litigation. |
| 9/13/17 Production – Doc 2 | 10/10/2008 | NCC Inc. | | Budget Overview January through December 2009 | 2 | (b)(4) CBI | The NCC Inc. Budget Overview January 2009 through December 2009 |

| Doc Nos. | Date | Author | Recipient(s) | Description | No. of pages | FOIA Exemption(s) | Justification |
|---|---|---|---|---|---|---|---|
| | | | | | | | contains projected financial information that was compiled by NCC Inc. and is not available in the public domain. Release of the redacted material would cause substantial competitive harm to NCC Inc. in transactions with third parties for membership and membership fees. |
| 9/13/17 Production – Doc 3 | 11/7/2008 | Larry Grimes, Esq. | Joseph Berl, Esq. | Privileged legal memorandum related to NCC private litigation | 5 | (b)(4) CBI | The legal memorandum was redacted in full and concerns confidential, privileged legal advice on potential legal strategies for NCC Inc. regarding private litigation related to NCC Inc.  The memorandum is a privileged attorney-client communication and work product and is not available in the public domain. Release of the memorandum would cause substantial competitive harm to NCC Inc. because it would reveal private litigation strategies of NCC Inc. |
| 9/13/17 Production – Doc 4 | 11/2008 | NCC Inc. | | NCC Inc. Strategic Plan for the 2008-2009 Term | 12 | (b)(4) CBI; (b)(6) | The strategic plan contains sensitive commercial financial information regarding dues paid by members, financial information regarding NCC Inc., and compensation |

| Doc Nos. | Date | Author | Recipient(s) | Description | No. of pages | FOIA Exemption(s) | Justification |
|---|---|---|---|---|---|---|---|
| | | | | | | | discussions regarding an employee.  The redacted information was created by NCC Inc. and is not available in the public domain.  Release of this sensitive, confidential commercial information would case substantial competitive harm to NCC Inc. by negatively impacting NCC Inc.'s transactions with third parties for membership and membership fees, NCC Inc.'s ability to attract and maintain members, and NCC Inc.'s ability to negotiate salary and benefits with staff.  In addition, personal information related to an individual has been redacted pursuant to (b)(6) because the release of this information would constitute an unwarranted invasion of the individual's personal privacy. |
| 9/13/17 Production – Doc 5 | 5/21/2008 | NCC Inc. | | Joint Executive and Finance Committee Meeting notes | 3 | (b)(4) CBI | The meeting notes contains sensitive commercial financial information regarding the finances of the NCC Inc. and compensation discussions regarding an NCC Inc. employee.  The redacted information was created by NCC Inc. and is not available |

| Doc Nos. | Date | Author | Recipient(s) | Description | No. of pages | FOIA Exemption(s) | Justification |
|----------|------|--------|--------------|-------------|--------------|-------------------|---------------|
| | | | | | | | in the public domain. Release of this sensitive, confidential commercial information would cause substantial competitive harm to NCC Inc. by negatively impacting NCC Inc.'s transactions with third parties for membership and membership fees, NCC Inc.'s ability to attract and maintain members, and NCC Inc.'s ability to negotiate salary and benefits with staff. |
| 9/13/17 Production – Doc 6 | 12/4/2009 | NCC | | Full Council Meeting Agenda | 28 | (b)(6) | Personal information regarding an individual was redacted pursuant to (b)(6) because the release of this information would constitute an unwarranted invasion of the individual's personal privacy. |
| 9/13/17 Production – Doc 7 | 5/21/2010 | NCC | | Full Council Meeting Agenda | 24 | (b)(6) | Personal information regarding an individual was redacted pursuant to (b)(6) because the release of this information would constitute an unwarranted invasion of the individual's personal privacy. |
| 9/13/17 Production – Doc 8 | 11/5/2010 | NCC | | 2010 Fall Full Council Meeting Agenda | 29 | (b)(6) | Personal information regarding individuals was redacted pursuant to (b)(6) because the release of this information would constitute an unwarranted invasion of the individuals' personal privacy. |

| Doc Nos. | Date | Author | Recipient(s) | Description | No. of pages | FOIA Exemption(s) | Justification |
|---|---|---|---|---|---|---|---|
| 9/13/17 Production – Doc 9 | 4/18/2011 | NCC | | 2011 Annual Spring Meeting Agenda | 23 | (b)(6) | Personal cell phones, a personal e-mail address, and personal information regarding individuals were redacted pursuant to (b)(6) because the release of this information would constitute an unwarranted invasion of the individuals' personal privacy. |
| 9/13/17 Production – Doc 10 | 6/22/2012 | NCC | | 2012 Annual Spring Meeting Agenda | 36 | (b)(6) | A cell phone number was redacted pursuant to (b)(6) because the release of this information would constitute an unwarranted invasion of the individual's personal privacy. |
| 9/13/17 Production – Doc 11 | 11/1/2013 | NCC | | 2013 Annual Fall Meeting Agenda | 15 | (b)(6) | A cell phone number was redacted pursuant to (b)(6) because the release of this information would constitute an unwarranted invasion of the individual's personal privacy. |
| 9/13/17 Production – Doc 12 | 5/6/2014 | NCC | | 2015 Spring Annual Meeting Agenda | 35 | (b)(6) | Personal information regarding an individual was redacted pursuant to (b)(6) because the release of this information would constitute an unwarranted invasion of the individual's personal privacy. |
| 9/13/17 Production – Doc 15 | 9/2014 | NCC | | NCC Advisory – September 2014 | 11 | (b)(6) | A cell phone number was redacted pursuant to (b)(6) because the release of this information would constitute an unwarranted invasion of the individual's personal privacy. |

| Doc Nos. | Date | Author | Recipient(s) | Description | No. of pages | FOIA Exemption(s) | Justification |
|---|---|---|---|---|---|---|---|
| 9/13/17 Production – Doc 16 | 10/2014 | NCC | | Annual Fall Meeting Agenda | 26 | (b)(6) | Cell phone numbers were redacted pursuant to (b)(6) because the release of this information would constitute an unwarranted invasion of the individuals' personal privacy. |
| 9/13/17 Production – Doc 17 | 4/2015 | NCC | | Annual Spring Meeting | 29 | (b)(6) | Personal information regarding an individual was redacted pursuant to (b)(6) because the release of this information would constitute an unwarranted invasion of the individual's personal privacy |
| 9/13/17 Production – Doc 19 | 3/3/2016 | NCC Inc. | | NCC Inc. Statement of Activities | 3 | (b)(4) CBI | The NCC Inc. Statement of Activities contains confidential financial information that was compiled by NCC Inc. and is not available in the public domain.  Release of the redacted material would cause substantial competitive harm to NCC Inc. by releasing confidential financial information about NCC's Inc.'s income, expenses, assets, and liabilities. |